# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN GABRIEL GALLEGOS,<br>No. 34873-380, | § <br> § <br> § | |
| V. | § <br> § | SA-14-CR-00274-XR(1) <br> SA-17-CV-1171-XR |
| | § <br> § | |
| UNITED STATES OF AMERICA | § | |

## ORDER

Before the Court are Movant Juan Gabriel Gallegos' ("Gallegos") *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 97), his Memorandum in support (ECF No. 98), and the Government's Response (ECF No. 102). Upon consideration, the § 2255 motion (ECF No. 97) is **DENIED**.

## BACKGROUND

A grand jury indictment returned April 16, 2014, charged Gallegos and a co-defendant with conspiracy to distribute and to possess with intent to distribute a mixture or substance containing 500 grams or more of a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(B) (Count I); and aiding and abetting the possession with intent to distribute a mixture or substance containing 500 grams or more of a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(B) and 18 U.S.C. § 2 (Count II). (ECF No. 23). Gallegos, who had appointed counsel, agreed to plead guilty to Count I of the indictment in exchange for having the remaining count dismissed. (ECF No. 66).

On April 9, 2015, at the conclusion of a Rule 11 hearing, Gallegos pleaded guilty. (ECF No. 64). A Presentence Investigation Report ("PSR") was prepared, which assessed Gallegos' offense level as 23 and his criminal history category as I, and calculated a guideline sentencing

range of 46 to 57 months.[1] (ECF No. 70). After Gallegos entered his plea but before being sentenced, he sought to substitute his appointed counsel with retained counsel. (ECF No. 76). The motion was granted and Pascual Madrigal, Gallegos' retained counsel, then filed a motion to withdraw Gallegos' plea, claiming Gallegos was innocent of the charges and had not been properly advised regarding the immigration consequences of a felony conviction. (ECF No. 79). Gallegos' motion was denied (ECF No. 80), and Gallegos was sentenced to 60 months' imprisonment, forty-eight months' supervised release, and a $100 special assessment fee (ECF No. 91).

Gallegos' counsel filed a motion for new trial, alleging the Court erred in refusing to allow Gallegos to withdraw his plea, and asserting the evidence was insufficient to support Gallegos' guilty plea. (ECF No. 95). Gallegos' motion for new trial was denied and no appeal was filed. Instead, in November of 2017, Gallegos filed the present motion pursuant to 28 U.S.C. § 2255, maintaining his attorney rendered ineffective assistance of counsel in failing to appeal his conviction and sentence. (ECF No. 97).

A. **Legal Standard**

A federal defendant may move to vacate, set aside, or correct his sentence if: (1) the imposition of the sentence was in violation of the Constitution or the laws of the United States; (2) the District Court that imposed the sentence lacked jurisdiction; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). A one-year period of limitation applies to a § 2255 motion. *See Kiser v. Johnson*, 163 F.3d 326, 327-28 (5th Cir. 1999). The limitation period runs from the latest of:

---

[1] Because the statutorily required minimum sentence of five years was greater than the maximum of the applicable guideline range, the guideline term of imprisonment was actually 60 months. USSG §5G1.1(b).

1) the date on which the judgment of conviction becomes final;

2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (2016).

Because Gallegos did not appeal his conviction, it became final on July 19, 2016, fourteen days after entry of the July 5, 2016 judgment. *See* FED. R. APP. P. 4(b)(1)(A)(i) (stating appeal must be filed within fourteen days of judgment). Therefore, Gallegos had one year, or at the latest, until July 19, 2017 to file his § 2255 motion; Gallegos did not file his § 2255 motion until November 6, 2017, three months past the one-year deadline.

Acknowledging the untimeliness of his motion, Gallegos argues the Court should equitably toll his time for filing his § 2255 motion, based on "[defense] counsel's deliberate abandonment and clear failure to act on Gallegos' request to appeal." (ECF No. 98 at 1). However, the Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Further, equitable tolling is only permitted in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is not "intended for those who sleep on their rights," *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). "[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Riggs*, 314 F.3d at 799 (quoting *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir.2002)). Additionally, ineffective assistance of counsel is irrelevant to the tolling decision. *See id.* The burden of proof concerning equitable tolling is on the petitioner. *United States v. Petty*, 530 F.3d 361, 364-65 (5th Cir. 2008).

Gallegos maintains his wife hired Mr. Madrigal to represent him for sentence and appeal and that Mr. Madrigal assured Gallegos "he would challenge the federal sentence." (ECF No. 98 at 2). In support of this assertion, Gallegos cites to an exhibit that is not attached to his motion or memorandum.[2] (Id.). Gallegos also states that his wife made "repeated phone calls to [Gallegos'] counsel requesting that he appeal the conviction," and "he was told that counsel would write him, but counsel never did." (Id.). Gallegos alleges that "ultimately believing that counsel had in fact pursued the endeavor to which he was paid for, [Gallegos] wrote the district court requesting the status of his direct appeal," only to learn that no appeal had been filed. (Id.).

In his recitation of the facts, Gallegos omits any mention of dates, failing to state when his wife called the attorney's office, when the attorney said he would write Gallegos, or even when Gallegos contacted the Court inquiring about the status of his appeal. Moreover, Gallegos submits no evidence that either he or his wife asked Mr. Madrigal to appeal Gallegos' sentence

---

[2] Although the Government attached the affidavit of Pascual Madrigal in support of its response, the affidavit is unsigned. The Government indicated they were aware of this deficiency and would provide the signed notarized copy once they received it but to date, they have not done so. Accordingly, the Court has not considered Mr. Madrigal's affidavit.

or that Mr. Madrigal was actually retained to do more than represent Gallegos at sentencing. Although Gallegos maintains Mr. Madrigal took the $5000 he was paid and then abandoned him, Mr. Madrigal appears to have rendered significant legal services following his retention on February 25, 2016. In particular, Mr. Madrigal performed the following: filed a motion to withdraw Gallegos' plea (ECF No. 79); filed a motion to continue the sentencing hearing (ECF No. 80); represented Gallegos at the hearing on the motion to withdraw his plea (ECF No. 83); filed a second motion to continue the sentencing hearing (ECF No. 84); filed a 51-page document in support of sentencing consisting of numerous letters and affidavits requesting leniency on Gallegos' behalf (ECF No. 90); represented Gallegos at the sentencing hearing (ECF No. 91); and filed a motion for new trial (ECF No. 95).

Further, even assuming Mr. Madrigal was hired to file an appeal, Gallegos has not demonstrated he has been diligent in pursuing his rights. Gallegos' appeal should have been by July 19, 2016; however, despite "repeated phone calls to [Gallegos'] counsel requesting that he appeal the conviction," and assurances by counsel that he would "follow up with Gallegos, though he never did," Gallegos waited until September of 2017 to contact the District Court to inquire about his appeal.[3] The repeated phone calls to counsel and counsel's purported failure to follow up with Gallegos should have put Gallegos on notice that something was amiss. Nevertheless, Gallegos waited over a year to contact the Court without ever making any attempt on his own to contact his attorney, by phone or in writing, either to verify the appeal had been filed or to inquire about the status of the appeal.

Gallegos claims that "as an incarcerated prisoner with limited resources at his disposal and a modest educational background," he has demonstrated "reasonable diligence" in his

---

[3] Gallegos states he first contacted the Court in September of 2017; however, the Court has no record that he did so.

attempt to appeal. However, Gallegos, a college graduate with more resources than most *pro se* petitioners, wholly fails to explain why he did not contact his attorney by phone or in writing when his attorney failed to contact him. Further, Gallegos' lack of representation, lack of legal training, ignorance of the law, and unfamiliarity with the legal process do not justify equitable tolling. *Petty*, 530 F. 3d at 365-66; *see* also *Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013).

Gallegos also fails to show that some extraordinary circumstance stood in his way and prevented timely filing. *McQuiggin*, 569 U.S. at 391; *Holland*, 560 U.S. at 649. Gallegos has not alleged the government created any impediment that barred him from filing his motion. Instead, he maintains his attorney's "glaring and deliberate abandonment constitutes extraordinary circumstances warranting equitable tolling." However, there is no evidence Mr. Madrigal was retained to represent Gallegos on appeal. Likewise, there is no evidence Mr. Madrigal led Gallegos to believe he was diligently pursuing his appeal. Further, even if Mr. Madrigal was retained to handle Gallegos' appeal, his failure to do so does not warrant equitable tolling as attorney error or neglect is not an extraordinary circumstance for purposes of equitable tolling, *Cousin*, 310 F.3d at 849, nor is ineffective assistance of counsel relevant to the tolling decision *Riggs*, 314 F.3d at 799.

Accordingly, Gallegos' request for equitable tolling is **denied**. Further, because the Court has determined that Gallegos' § 2255 motion is untimely, his request for an evidentiary hearing is **denied as moot**. (ECF No. 97).

## CONCLUSION

Gallegos' § 2255 motion was untimely filed and he has failed to establish "rare and exceptional circumstances," which would warrant equitable tolling of the limitations period.

6

# CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the movant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where the Court rejects a movant's constitutional claims on the merits, "the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

> When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*

In this case, reasonable jurists could not debate the denial of Gallegos' § 2255 motion on procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

Accordingly,

**IT IS ORDERED** that Movant Juan Gabriel Gallegos' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 97) is **DENIED**.

**ADDITIONALLY IT IS ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** this the 15th day of June, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE